# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**HARRY EDWARD ZINSSER**, )
                                               )
        Plaintiff, )
                                               )
    v. )                  2:13cv1651
                                               )              **Electronic Filing**
**PRESSLEY RIDGE**, )
                                               )
        Defendant. )

## MEMORANDUM OPINION

February 22, 2016

### I. INTRODUCTION

Plaintiff, Harry Edward Zinsser ("Zinsser" or "Plaintiff") filed a two (2) count Complaint alleging: (1)) age discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* (the "ADEA"); and (2) violations of the Pennsylvania Human Rights Act, 43 Pa. Cons. Stat. Ann. § 925 *et seq.* (the "PHRA"), against Defendant, Pressley Ridge ("Pressley Ridge" or "Defendant"). Pressley Ridge has filed a motion for summary judgment, Zinsser has responded and the motion is now before the Court.

### II. STATEMENT OF THE CASE

Zinsser began working for Pressley Ridge on August 6, 1979 as a counselor, and became a Special Education Teacher in the program for autism in 2005. Plaintiff's Statement of Material Facts ("Pl. SMF") ¶ 1; Defendant's Appendix ("Def. Apdx") Ex. F. On September 26, 2012, Zinsser was involved in a physical altercation with a student. Pl. SMF ¶ 3. Zinsser contends that the student was being aggressive with an aide, Cara Onyshko Keller ("Keller"), and the student attempted to hit Zinsser. *Id.* Zinsser further contends that he did everything possible to control the student and remove her from the classroom. Pl. SMF ¶ 4.

There were four (4) other Pressley Ridge employees in the classroom at the time of the incident: Rachelle Beers ("Beers"), Keller, Sara Wade ("Wade") and Matthew Schneider ("Schneider"). Def. Apdx. Ex. L. As part of the investigation, each of the above mentioned employees provided handwritten statements about the incident. Pressley Ridge's Concise Statement of Material Facts ("PR CSMF") ¶ 8. The statements were consistent in describing the incident, stating as follows:

- Zinsser pushed the student into her chair; he yelled at her saying: "If you hit we don't want you here", "You can go outside and sit in the rain";

- Zinsser shoved his forearm into the student's neck and pushed her head into a cabinet;

- Zinsser tried to dump the student out of her chair; and

- Zinsser pushed the student into furniture along the wall as moved her out the door into the hallway where he pushed her to the ground.

PR CSMF ¶¶ 9, 11, 12 & 13; Def. Apdx. Exs. G, I, J & K.

The Pressley Ridge Employee Handbook has specific sections for "Behavior of Employees," "Standard of Conduct" and "Statement on Workplace Violence." PR CSMF ¶ 4. Pressley Ridge's Statement on Workplace Violence specifically states:

> [Pressley Ridge] strictly prohibits any physical, verbal or mental abuse or intimidation of co-workers, clients, visitors or families or disorderly conduct on the job. Any employee who violates this policy shall be subject to disciplinary action up to and including termination.

Def. Apdx. Ex. E, p. 20.

Subsequent to the investigation, a Termination Recommendation Notice regarding Zinsser was prepared by Jane Wintz citing violation of Pressley Ridge's Behavior Management Practices Policy, Child/Client Rights and Employee Discipline Policy. Def. Apdx. Ex. F. Zinsser was terminated from his employment with Pressley Ridge on October 9, 2012, at the age of 56.

Pl. SMF ¶ 5. Pressley Ridge replaced Zinsser with a teacher who was thirty (30) years of age. Pl. SMF ¶ 15.

### III.  LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment shall be granted when there are no genuine issues of material fact in dispute and the movant is entitled to judgment as a matter of law. To support denial of summary judgment, an issue of fact in dispute must be both genuine and material, *i.e.*, one upon which a reasonable fact finder could base a verdict for the non-moving party and one which is essential to establishing the claim. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the court is not permitted to weigh the evidence or to make credibility determinations, but is limited to deciding whether there are any disputed issues and, if there are, whether they are both genuine and material. *Id*.  The court's consideration of the facts must be in the light most favorable to the party opposing summary judgment and all reasonable inferences from the facts must be drawn in favor of that party as well. *Whiteland Woods, L.P. v. Township of West Whiteland,* 193 F.3d 177, 180 (3d Cir. 1999), *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir. 1987).

When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." FED. R. CIV. P 56(e).  Further, the nonmoving party cannot rely on unsupported assertions, conclusory allegations, or mere suspicions in attempting to survive a summary judgment motion. *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir.1989)

(citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). The non-moving party must respond "by pointing to sufficient cognizable evidence to create material issues of fact concerning every element as to which the non-moving party will bear the burden of proof at trial." *Simpson v. Kay Jewelers, Div. Of Sterling, Inc.*, 142 F. 3d 639, 643 n. 3 (3d Cir. 1998), *quoting Fuentes v. Perskie*, 32 F.3d 759, 762 n.1 (3d Cir. 1994).

IV.    DISCUSSION

Zinsser contends that his employment with Pressley was wrongfully terminated based upon his age[1]. Under the ADEA, an employer is prohibited from discharging any individual or otherwise discriminating against an individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's age. 29 U.S.C. § 623(a)(1). A plaintiff can sustain a claim of discrimination under the ADEA by presenting either direct or circumstantial evidence of discrimination. *See Duffy v. Magic Paper Group, Inc.*, 265 F.3d 163, 167 (3d Cir. 2001). Because Zinsser has not provided direct evidence of discrimination, our inquiry is governed by the three-part framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-803, (1973) (the "McDonnell Douglas analysis"). *See Smith v. City of Allentown*, 589 F.3d 684, 691 (3d Cir. 2009) (reaffirming the use of the McDonnell Douglas analysis in ADEA cases involving indirect evidence).

Under the McDonnell Douglas analysis, once the employee establishes a *prima facie* case of discrimination, the burden of production shifts to the employer to articulate a legitimate,

---

[1] There is no need to differentiate between Zinsser's Federal discrimination claims and PHRA claims because, for our purposes, the same analysis is used for each. *See, e.g., Simpson v. Kay Jewelers*, 142 F.3d at 643-644 & n.4; *Jones v. School District of Philadelphia*, 198 F.3d 303, 410-411 (3d Cir. 1999); *Fairfield Township Volunteer Fire Co. No. 1 v. Commonwealth*, 609 A.2d 804, 805 (Pa. 1992).

4

nondiscriminatory reason for the employer's adverse employment decision. *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802. If the employer makes that showing, the burden of production shifts once again to the employee to establish that the employer's proffered justification for the adverse action is pretextual. *Tex. Dep't of Comm. Affairs v. Burdine*, 450 U.S. 248, 254-255 (1981). Throughout this burden-shifting exercise, the burden of persuasion remains on the employee. *Starceski v. Westinghouse Elec. Corp.*, 54 F.3d 1089, 1095 n.4 (3d Cir. 1995) (citing *Tex. Dep't of Comm. Affairs v. Burdine*, 450 U.S. at 253).

Zinsser, therefore, bears the initial burden of establishing a *prima facie* case of discrimination. *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 539 (3d Cir. 2006); *Atkinson v. LaFayette College*, 460 F.3d 447, 454 (3d Cir. 2006). To establish a *prima facie* case, Zinsser must demonstrate that: (1) he is a member of the protected class, *i.e.* at least 40 years of age; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) that he was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus. *Smith v. City of Allentown*, 589 F.3d at 689 (citing *Potence v. Hazleton Area Sch. Dist.*, 357 F.3d 366, 370 (3d Cir. 2004). To establish a *prima facie* case at summary judgment, "the evidence must be sufficient to convince a reasonable factfinder to find all of the elements of [the] *prima facie* case." *Duffy v. Paper Magic Grp.*, 265 F.3d 163, 167 (3d Cir. 2001). The Court finds that Zinsser has established a *prima facie* case of discrimination.

The burden shifts to Pressley Ridge to offer a legitimate non-discriminatory reason for terminating Zinsser. *Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997); *Simpson v. Kay Jewelers*, 142 F.3d at 644 n.5. This burden is "relatively light" and is satisfied if the employer provides evidence, which, if true, would permit a conclusion that it took the adverse employment action for a non-discriminatory reason. *Tomasso v. Boeing Co.*, 445 F.3d

702, 706 (3d Cir. 2006) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 763 (3d Cir. 1994)); *see also Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 302 (3d Cir. 2012) (describing this step as a "minimal burden").

In this instance, there were several eyewitnesses who observed and produced written statements regarding Zinsser's violent behavior toward his student. PR CSMF ¶¶ 9, 11, 12 & 13; Def. Apdx. Exs. G, I, J & K. The Termination Recommendation Notice cited Zinsser's violation of Pressley Ridge's behavior policy as the reason for his recommended termination. Def. Apdx. Ex. F. Susanne Cole, President and Chief Executive Officer stated that she participated in the decision to terminate Zinsser, and that such decision was based upon Zinsser's violation of Pressley Ridge policy regarding the physical contact with a student that occurred on September 26, 2012. Def. Apdx. Ex. B. Moreover, Zinsser admitted that his behavior toward the student was inappropriate. *See* Def. Apdx. Ex. A. Pursuant to the Pressley Ridge Employee Handbook, such behavior could result in termination. The Court finds that Pressley Ridge has offered a legitimate non-discriminatory reason for terminating Zinsser.

The burden shifts back to Zinsser to show that Pressley Ridge's articulated reasons for his termination are merely a pretext for age discrimination. An employee may demonstrate that his employer's legitimate nondiscriminatory reason is pretextual by submitting evidence that allows a factfinder to either 1) disbelieve or discredit the employer's justification; or 2) believe discrimination was more likely than not a "but for" cause of the adverse employment action. *Abels v. Dish Network Serv., LLC*, 507 F. App'x 179, 183 (3d Cir. 2012) (citing *Fuentes v. Perskie*, 32 F.3d at 764). *See also Gross v. FBL Fin. Servs.*, 557 U.S. 167, 177-178 (2009). Evidence undermining an employer's proffered legitimate reasons must be sufficient to "support an inference that the employer did not act for its stated reasons." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 731 (3d Cir. 1995).

In order to discredit Pressley Ridge's proffered justification under the first prong of *Fuentes*, Plaintiff must present evidence demonstrating "such weaknesses, implausibilities, inconsistencies, incoherencies (sic), or contradictions" in the proffered reasons "that a reasonable factfinder could rationally find them unworthy of credence," and ultimately infer that Pressley Ridge did not act for the asserted nondiscriminatory reasons. *Fuentes v. Perskie*, 32 F.3d at 765. If Zinsser's evidence rebutting Pressley Ridge's proffered reason permits a factfinder to conclude that such reason (or reasons) was either a "post hoc fabrication" or otherwise did not actually prompt the employment action, then summary judgment is inappropriate. *Fuentes v. Perskie*, 32 F.3d at 764.

Alternatively, Zinsser must show that age-based discrimination was a "but-for" cause of Pressley Ridge's decision to terminate him. To meet this burden, Zinsser "cannot simply show that [Pressley's] decision was wrong or mistaken." *Fuentes v. Perskie*, 32 F.3d at 765. The question is whether Pressley Ridge was motivated by a discriminatory animus, not whether it was wise, shrewd, prudent, or competent. *See Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 531, 533 (3d Cir. 1992); *Villanueva v. Wellesley College*, 930 F.2d 124, 131 (1st Cir.), *cert. denied*, 502 U.S. 861 (1991). *See also Brewer v. Quaker State Oil Ref. Corp.*, 72 F.3d 326, 332 (3d Cir. 1995) ("[A]n employer may have any reason or no reason for discharging an employee so long as it is not a discriminatory reason.").

In support of his contention that discrimination was the "but-for" cause of Pressley Ridge's decision to terminate him, Zinsser directs this Court to two (2) comments allegedly made by his direct supervisor, Amber Taylor ("Taylor"). Zinsser contends that at the end of the 2011-2012 school year, approximately four (4) months prior to his termination, he was in Taylor's office and inquired about a raise. Taylor allegedly said: "It's okay old man, you'll get your raise." *See* Plaintiff's Appendix ("Pl. Apdx.") Ex. 1, pp. 12-13. Zinsser also directs this

Court to a November 29, 2011, "Supervision Plan" completed by Taylor's supervisor in which the supervisor wrote: "[Amber] is worried about losing art & music but having to keep staff just because they have been here a long time." *See* Pl. Apdx. Ex. 5.

In considering whether stray remarks, such as the comments allegedly made by Zinsser's direct supervisor, are probative of discrimination, the Court of Appeals for the Third Circuit has considered the following factors: "(1) the relationship of the speaker to the employee and within the corporate hierarchy; (2) the temporal proximity of the statement to the adverse employment decision; and (3) the purpose and content of the statement." *Parker v. Verizon Pa., Inc.*, 309 Fed. Appx. 551, 558-559 (3d Cir. Pa. 2009)(quoting *Ryder v. Westinghouse Elec. Corp.*, 128 F.3d 128, 133 (3d Cir. 1997)); *see also Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1112 (3d Cir. 1997). "Stray remarks by non-decisionmakers or by decisionmakers unrelated to the decision process are rarely given great weight, particularly if they were made temporally remote from the date of decision." *Fuentes v. Perskie*, 32 F.3d at 767 (quoting *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d at 545).

There is no evidence that the remarks were made in the context of an employment or personnel decision or that Taylor was a decisionmaker in this matter. *Cf. Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151-152 (2000); *Brewer v. Quaker State Motor Oil, Co.*, 72 F.3d 326, 333 (3d Cir. 1995). Moreover, the comments were made months prior to the decision to terminate Zinsser. The Court finds that the above referenced statements are benign and unrelated to the termination of Zinsser's employment, and therefore, carry virtually no weight in proving a discriminatory age-based animus. *See e.g. Keller v. Orix Credit Alliance, Inc.*, 130 F.3d at 1112 (statement by decision maker "[]f you are getting too old for this job, maybe you should go hire one or two young bankers" did not raise an inference of discrimination); *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d at 359(general discriminatory comment by someone involved in

the decision making process which was unrelated to the adverse action was insufficient to show pretext).

Zinsser fails to make a showing of pretext as he is unable point to evidence in the record which would allow a rationale factfinder to "believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause" of Pressley Ridge's action, *Burton v. Teleflex, Inc.*, 707 F.3d 417, 427 (3d Cir. 2013), or to "believe discrimination was more likely than not a 'but for' cause of the adverse employment action." *Abels v. DISH Network Serv., LLC*, 507 F. App'x at 183; *see also Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 644-45 (3d Cir. 1998) (the plaintiff must "point to evidence with sufficient probative force that a factfinder could conclude by a preponderance of the evidence that age was a motivating or determinative factor in the employment decision."). Accordingly, the Court finds that Zinsser's age discrimination claims under the ADEA and PHRA fail as a matter of law.

### V. CONCLUSION

The Court finds that there are no material facts in dispute, Zinsser is unable to show that that Pressley Ridge violated his rights under the ADEA or the PHRA. Accordingly, Pressley Ridge's motion for summary judgment shall be granted. An appropriate order will follow.

s/ DAVID STEWART CERCONE
David Stewart Cercone
United States District Judge

cc: Rolf Louis Patberg, Esquire
Thomas J. Farnan, Esquire

(*Via CM/ECF Electronic Mail*)